## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| Donna Scharf, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-2103 |
| | ) |
| Vivint Solar, Inc., a Delaware corporation, Vivint Solar Developer, LLC, a Delaware limited liability company, Vivint Smart Home, Inc., a Delaware corporation, and Equifax Information Services, LLC, a Georgia limited liability company, | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants | ) |

## COMPLAINT

Plaintiff, Donna Scharf, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), for a finding that Defendants' actions violated the FCRA, and to recover damages, and alleges:

## INTRODUCTION

1. The FCRA restricts access to consumer credit reports to specific, statutorily enumerated purposes under 15 U.S.C. §1681b. A person or firm that obtains a consumer report from a consumer reporting agency under false pretenses violates the criminal provisions of the FCRA and subjects himself to up to two years in prison. 15 U.S.C. § 1681q.

2. The Vivint defendants, with no authorization and no other statutorily permissible purpose accessed Plaintiff's consumer report on no less than six (6) different occasions.

3. These repeated "impermissible pulls" gave Vivint full access to a trove of personal financial information about Plaintiff and caused Plaintiff's credit score to plummet.

4. When Plaintiff notified Defendant Equifax Information Services, LLC, that Vivint impermissibly accessed Plaintiff's consumer report, Equifax chose not to remove the listing of the impermissible inquiries from Plaintiff's credit report. Equifax failed in its duties as a consumer reporting agency to conduct a reasonable reinvestigation of disputed information. 15 U.S.C. §1681i.

5. Equifax should never have even sold Ms. Scharf's consumer report to Vivint. Equifax was on notice of impermissible credit pulls by Vivint – via thousands of consumer disputes, and the six credit pulls in rapid succession here – and had reasonable grounds for believing that this company did not have a permissible purpose to obtain Plaintiff's consumer report. 15 U.S.C. §1681b(a)(3); e(a).

6. Plaintiff accordingly brings this action for damages to hold Defendants accountable for their persistent noncompliance with the FCRA.

**JURISDICTION**

7. This Court has jurisdiction, pursuant to 15 U.S.C. § 1681p of the FCRA and 28 U.S.C. § 1331.

8. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

## PARTIES

9. Plaintiff Donna Scharf ("Scharf") is a consumer who is a citizen of the State of Illinois, and who is residing in the Central District of Illinois.

10. Defendant Vivint Solar, Inc., is, and at all times relevant herein was, a Delaware corporation, with its principal place of business in Lehi, Utah.

11. As set forth in its SEC filings, Vivint Solar, Inc., operates through its subsidiaries, including Vivint Solar Developer, LLC. In its filings with the SEC, Vivint Solar, Inc. refers to itself and these subsidiaries collectively as the "Company." The "Company" is engaged in the business of selling, leasing, servicing and maintaining solar photovoltaic systems or the power created by these systems.

12. Defendant Vivint Solar Developer, LLC, is, and at all times relevant herein was, a Delaware limited liability company with its principal place of business in Lehi, Utah. Vivint Solar Developer, LLC, is engaged in the business of selling, leasing, servicing and maintaining solar photovoltaic systems or the power created by these systems.

13. Defendant Vivint Smart Home, Inc., is, and at all times relevant herein was, a Delaware corporation, with its principal place of business in Provo, Utah. Upon information and belief, Vivint Smart Home, Inc., is engaged in the business of selling, leasing, servicing and maintaining home security systems.

14. Vivint Solar, Inc., Vivint Solar Developer, LLC, and Vivint Smart Home, Inc., are referred to collectively herein as "Vivint."

15. The Vivint defendants are "users" of consumer reports.

16. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company, with its principal place of business in Georgia.

17. Equifax regularly engages in the business of assembling, evaluating, and maintaining information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(d), to third parties.

18. Equifax provides such consumer reports to third parties under contract for monetary compensation.

19. Equifax is a "consumer reporting agency" ("CRA") as defined in 15 U.S.C. §1681a(f).

## STATEMENT OF CLAIM

### *Vivint's Repeated Impermissible Pulls*

20. Plaintiff Donna Scharf was shocked to see that her Equifax credit report reflected that a company named "Vivint Solar" obtained a copy of her credit report on May 9, 2019.

21. Her Equifax credit report reflected that the company making the inquiry was "Vivint SOLAR" with an address of 4931 N 300 W, Provo, UT 84604. Upon information and belief, this is the address of Vivint Smart Home, Inc., not Vivint Solar.

22. After disputes of this inquiry, Equifax responded to Ms. Scharf by telling her that the "creditor" who accessed her report was "Vivint, 4931 N 300 W, Provo UT," again, referring to Vivint Smart Home, Inc.

23. Ms. Scharf never heard of Vivint. She had no dealings – credit, business, or otherwise – with Vivint.

24. Ms. Scharf never provided consent for Vivint to obtain her consumer credit report.

25. On May 9, 2019 and each of the following dates, Vivint requested and Equifax provided a consumer report:

    a. May 18, 2019

    b. May 24, 2019;

    c. June 1, 2019;

    d. June 13, 2019; and,

    e. August 9, 2019.

26. On none of these six occasions had Scharf given authorization to Vivint.

27. On none of these six occasions was Scharf seeking credit from, or initiating or entering a business transaction with Vivint.

28. Vivint repeatedly and intentionally obtained Plaintiff's consumer report from Equifax without the consumer's consent or a permissible purpose.

29. The consumer reports obtained by Vivint and furnished by Equifax included a trove of sensitive personal and private information about Plaintiff, such as her credit history profile, pay histories, past addresses, employer information and the like.

### *Governing Law – Permissible Purpose to Obtain a Credit Report*

30. Pursuant to 15 U.S.C. §1681b, a consumer report can be obtained only for specific purposes stated thereunder, including for use in connection with a credit transaction that the consumer initiated, a firm credit offer, employment purposes, or a business transaction in which an individual has accepted personal liability for business credit.

31. Vivint never had a permissible purpose to obtain Plaintiff's consumer report(s).

32. Vivint obtained Plaintiff's consumer report under false pretenses.

33. As a result of Vivint's willful, wanton, reckless, and/or negligent action, Plaintiff has been damaged.

34. On information and belief, Vivint has a pattern and practice to regularly obtain credit reports on consumers without a permissible purpose, in the hopes of making a sale.

35. Each time Equifax furnished, and Vivint obtained, a consumer report on Scharf there was a disclosure of sensitive and private information and a gross invasion of Scharf's privacy.

36. Each time Equifax furnished and Vivint obtained a consumer report on Scharf, and by the multiple repeated credit pulls, she suffered mental and emotional distress, worry, and aggravation.

37. Plaintiff's credit profile and score dropped precipitously as a result of Defendants' actions.

### *Equifax had Reason to Believe Vivint's Inquiries were Illegitimate and Impermissible*

38. Vivint has for a number of years had a company-wide practice, orchestrated and encouraged by management, of obtaining sensitive consumer reports from Consumer Reporting Agencies under false pretenses. The false pretenses include falsely representing that a consumer is seeking credit, or that a consumer is engaging in

a business transaction with Vivint, or that a consumer authorized Vivint to obtain their sensitive consumer report.

39.  The attorneys general of states including New Mexico and New Jersey have sued Vivint for its door-to-door sales practices including impermissible credit pulls.

40.  Hundreds of consumers have complained to the Better Business Bureau, ConsumerAffairs.com and other forums about Vivint's door-to-door sales practices including impermissible credit pulls.

41.  Upon information and belief, thousands of consumers have submitted disputes with Equifax complaining that Vivint made an unauthorized inquiry on their credit reports in the past two years alone.

42.  Upon information and belief, Equifax has additionally received numerous requests from Vivint to delete or suppress its unauthorized credit inquiries after consumers complained directly to Vivint.

43.  As such, Equifax is, and has been, well aware of Vivint's practice to request and obtain consumer reports without a permissible purpose.

44.  A credit bureau like Equifax may only furnish a consumer report (if no written instructions or court order) to a person it has reason to believe has a statutorily permissible purpose.  15 U.S.C. §1681b(a)(3).

45.  In light of these thousands of disputes, Equifax had reason to believe Vivint had no permissible purpose to obtain Ms. Scharf's credit reports.

46.  Rather, in light of these thousands of disputes and requests for deletion from Vivint Solar, Equifax had reason to believe Vivint's request was illegitimate and impermissible.

47. Nonetheless, Equifax conducted little or no investigation of these thousands of consumer disputes, no audit or investigation of the fitness or propriety of Vivint to obtain or request them, and did not place Vivint on a "black list" of companies to whom Equifax would not provide consumer credit reports.

48. Moreover, six hard inquiries of Ms. Scharf's credit report by the same user, in a short period of time (4 months), should have alerted Equifax to Vivint's lack of a permissible purpose.

49. Any "belief" held by Equifax that Vivint's requests for Ms. Scharf's credit reports were legitimate and permissible was devoid of any "reason" and patently *un*reasonable in light of the thousands of complaints and failure to investigate them, and repeated inquiries here.

### *Equifax Refuses to Investigate Disputes of Impermissible Pulls*

50. Shortly after learning of the Vivint inquiries, Ms. Scharf wrote to Equifax disputing its inclusion of the impermissible Vivint inquiries on her credit report.

51. Equifax received Ms. Scharf's written dispute correspondence.

52. Equifax did not conduct a reasonable investigation of Plaintiff's dispute.

53. Instead, Equifax sent Ms. Scharf a form letter, stating the following, for each of the six disputed Vivint entries:

> **The information you disputed has been received.  The results are:**
> Inquiries are a factual record of file access.  If you believe this was unauthorized, please contact the creditor.  If you have additional questions about this item please contact: **Vivint, 4931 N 300 W, Provo UT 84605-5816**

54. Upon information and belief, Equifax never communicated Ms. Scharf's dispute to Vivint.

8

55. Upon information and belief, Equifax as a matter of company policy does not investigate disputes where a consumer alleges an unauthorized inquiry on their credit report.

### *Governing Law – Duties of Consumer Reporting Agencies*

56. As a matter of practice and policy, Equifax, like all CRAs, routinely includes in the consumer's report a list of all persons who requested and were furnished a consumer report, for a period of at least two years.

57. Where a CRA has furnished a consumer report without a proper and permissible purpose, the mere disclosure of the furnishing of the disclosure on the consumer's credit profile is misleading and inaccurate. The display of the user on the report can be misleading and suggest to a prospective lender or other user of the report that the consumer recently sought additional credit, when they did not.

58. Under the FCRA, "every consumer reporting agency shall maintain reasonable procedures designed to … to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title." 15 U.S.C. §1681e(a).

59. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. §1681e(b).

60. Except for certain circumstances not present here, "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly … of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file … before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer". 15 U.S.C. § 1681i(a).

61. Equifax willfully and/or negligently failed to do that here when it provided Scharf's consumer report to Vivint, caused the inaccurate Vivint inquiry to appear on Plaintiff's consumer report, and allowed it to stay there despite her disputes.

62. Equifax furnished consumer reports to Vivint despite having reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of the FCRA.

63. Equifax failed to conduct a reasonable and adequate reinvestigation into Plaintiff's disputes of the Vivint inquiries.

64. Rather than conduct a reinvestigation, Equifax continued to report inaccurate information, available to any potential credit grantor who accessed Plaintiff's credit report.

65. Equifax has willfully and/or negligently failed and refused to investigate and remove the inaccurate credit information pertaining to Vivint's impermissible pull of Ms. Scharf's consumer report.

66. Each time Equifax furnished, and Vivint obtained, a consumer report on Scharf there was a disclosure of sensitive and private information and a gross invasion of Scharf's privacy.

67. Each time Equifax furnished, and Vivint obtained, a consumer report on Scharf, and by the multiple repeated credit pulls, she suffered mental and emotional distress, worry, and aggravation.

68. Plaintiff's credit profile and score dropped precipitously as a result of Defendants' actions.

## COUNT I
## FAIR CREDIT REPORTING ACT
## (Vivint Defendants)

69. Plaintiff adopts and realleges ¶¶ 1-68.

70. Vivint Solar violated the Fair Credit Reporting Act by willfully and/or negligently obtaining Plaintiff's consumer credit report upon false pretense and without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

**WHEREFORE**, Plaintiff Donna Scharf demands judgment against Defendant Vivint Solar, Inc., Vivint Solar Developer, LLC, and Vivint Smart Home, Inc. for:

    (a) Actual and compensatory damages;

    (b) Punitive damages;

    (c) A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(d) Return of her credit information and deletion of the inquiries;

(e) Attorney's fees and costs; and,

(f) Such other and further relief as the Court shall deem just and proper.

## COUNT II
## FAIR CREDIT REPORTING ACT
## (Equifax Information Services, LLC)

71. Plaintiff adopts and realleges ¶¶ 1-68.

72. Defendant Equifax willfully and/or negligently violated the provisions of the FCRA by:

   a. furnishing a consumer report to a person when it had reasonable grounds for believing that person did not have a permissible purpose. 15 U.S.C. §1681b(a)(3), 1681e(a);

   b. failing to conduct a proper and reasonable investigation/reinvestigation into disputed information in Plaintiff's credit file and thereafter delete the disputed and inaccurate information. 15 U.S.C. § 1681i(a).

**WHEREFORE**, Plaintiff Donna Scharf demands judgment against Defendant Equifax Information Services, LLC for:

(a) Actual and compensatory damages;

(b) Punitive damages;

(c) A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(d) Return of her credit information and deletion of the inquiries;

(e) Attorney's fees and costs; and,

   (f) Such other and further relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

              Respectfully submitted:

              By: s/ David J. Philipps_____
              One of Plaintiff's Attorneys

Dated:  April 28, 2020

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson   (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

Cary L. Flitter     (PA Bar No. 035047)(Pro Hac Vice Pending)
Andrew M. Milz    (PA Bar No. 207715)(Pro Hac Vice Pending)
Jody T. Lopez-Jacobs  (PA Bar No. 320522)(Pro Hac Vice Pending)
Flitter Milz, P.C.
450 N. Narberth Ave.
Suite 101
Narberth, Pennsylvania 19072
(610) 822-0781
(610) 667-0552 (FAX)
cflitter@consumerslaw.com
amilz@consumerslaw.com
jlopez-jacobs@consumerslaw.com