E-FILED
Tuesday, 26 May, 2020  04:56:11 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION


DONNA SCHARF,

       Plaintiff,

                                    Case No. 2:20-cv-2103-CSB-EIL

v.


VIVINT SOLAR, INC., VIVINT SOLAR
DEVELOPER, LLC, VIVINT SMART
HOME, INC. and EQUIFAX
INFORMATION SERVICES, LLC

       Defendants.

_____/

### VIVINT SOLAR, INC. AND VIVINT SOLAR DEVELOPER, LLC's
### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants Vivint Solar, Inc. and Vivint Solar Developer, LLC (jointly, "Vivint Solar"),

through counsel, hereby submit their answer and affirmative defenses to the Complaint (DE 1) of

Plaintiff Donna Scharf ("Scharf"), as follows:

### AS TO "INTRODUCTION"

1.      Vivint Solar admits only that the Complaint seeks damages under the Fair Credit

Reporting Act, 15 U.S.C. § 1681, et seq ("FCRA"), but specifically denies any liability for those

purported damages and otherwise denies the allegations in this paragraph as conclusions of law

to which no response is required.

2.      Vivint Solar denies all allegations in this paragraph.   Vivint Solar denies any and

all allegations in this paragraph and in the Complaint that lump together Vivint Solar, Inc.,

Vivint Solar Developer, LLC, and Vivint Smart Home, Inc., each is which is a separate and

distinct legal entity, by referring to them collectively as "Vivint defendants" and "Vivint" and incomprehensively ascribing conduct to them on a collective basis.

3. Vivint Solar denies all allegations in this paragraph.

4. Vivint Solar is without knowledge sufficient to form a belief as to the truth of Plaintiff's allegations concerning her communications with Defendant Equifax Information Services, and, therefore, those allegations are denied. Vivint Solar denies all other allegations in this paragraph.

5. Vivint Solar denies all allegations in this paragraph.

6. Vivint Solar denies all allegations in this paragraph.

## AS TO "JURISDICTION"

7. Vivint Solar admits only that the Court has subject matter jurisdiction over Plaintiff's FCRA claims.

8. Vivint Solar is without knowledge sufficient to form a belief as to the truth of Plaintiff's allegations concerning her residency, admits that Vivint Solar Developer, LLC has transacted business in this District, and denies all other allegations in this paragraph.

## AS TO "PARTIES"

9. Vivint Solar is without knowledge sufficient to form a belief as to the truth of allegations in this paragraph, and, therefore, those allegations are denied.

10. Vivint Solar admits the allegations in this paragraph.

11. Vivint Solar admits only that the SEC filings for Vivint Solar, Inc. speak for themselves as to their content, and otherwise denies all allegations in this paragraph.

12. Vivint Solar admits the allegations in this paragraph.

13.     Vivint Solar is without knowledge sufficient to form a belief as to the truth of allegations in this paragraph, and, therefore, those allegations are denied.

14.     Vivint Solar denies that Plaintiffs' attempt to lump together Vivint Solar, Inc., Vivint Solar Developer, LLC, and Vivint Smart Home, Inc. by defining them collectively as "Vivint" is valid or accurate, as each is a separate and distinct legal entity, and Vivint Solar specifically denies all allegations in the Complaint that incomprehensibly ascribe conduct to them on a collective basis.

15.     Vivint Solar admits that Vivint Solar Developer, LLC uses consumer credit reports in compliance with the FCRA, and, among other things, in connection with "a business transaction that is initiated by the consumer" in which it "has a legitimate business need for the information." 15 U.S.C. §1681b(a)(3)(F). Vivint Solar otherwise denies the allegations in this paragraph.

16.     Vivint Solar admits, upon information and belief, the allegations in this paragraph.

17.      Vivint Solar admits that Equifax is a credit reporting agency, and is otherwise without knowledge sufficient to form a belief as to the truth or accuracy of allegations in this paragraph, and, therefore, those allegations are denied.

18.     Vivint Solar admits that Equifax is a credit reporting agency, and is otherwise without knowledge sufficient to form a belief as to the truth or accuracy of allegations in this paragraph, and, therefore, those allegations are denied.

19.     The allegations of this paragraph contain legal conclusions as to which no response is required.

## AS TO "STATEMENT OF CLAIM"

### AS TO *"Vivint's Repeated Impermissible Pulls"*

20.     Vivint Solar is without knowledge sufficient to form a belief as to the truth of allegations in this paragraph, and, therefore, those allegations are denied.

21.     Vivint Solar admits that "4931 N 300 W, Provo, UT 84604" is not the current address of Vivint Solar Developer, LLC or Vivint Solar, Inc., and upon information and belief that it is a current address for Vivint Smart Home, Inc.  Vivint Solar is without knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and, therefore, those allegations are denied.

22.     Vivint Solar is without knowledge sufficient to form a belief as to the truth of allegations in this paragraph, and, therefore, those allegations are denied.

23.     Vivint Solar denies that Plaintiff had no "dealings" with Vivint Solar, and is otherwise without knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and, therefore, those allegations are denied.

24.     Vivint Solar denies the allegations in this paragraph.

25.     Vivint Solar admits only the Vivint Solar Developer, LLC requested credit reports for Plaintiff with her express written consent on May 9, 2019, and on subsequent dates, but denies that Vivint Solar Developer, LLC ever obtained a credit report for Plaintiff.  Vivint Solar is without knowledge sufficient to form a belief as to allegations in subparagraphs (a) through (e) and, therefore, those allegations are denied.

26.     Vivint Solar denies the allegations in this paragraph.

27.     Vivint Solar denies the allegations in this paragraph.

28.     Vivint Solar denies the allegations in this paragraph.

29.     Vivint Solar denies the allegations in this paragraph.

**AS TO "*Governing Law – Permissible Purpose to Obtain a Credit Report*"**

30.     The allegations of this paragraph contain legal conclusions as to which no response is required.

31.     Vivint Solar denies the allegations in this paragraph.

32.     Vivint Solar denies the allegations in this paragraph.

33.     Vivint Solar denies the allegations in this paragraph.

34.     Vivint Solar denies the allegations in this paragraph.

35.     Vivint Solar denies the allegations in this paragraph.

36.     Vivint Solar denies the allegations in this paragraph.

37.     Vivint Solar denies the allegations in this paragraph.

**AS TO "*Equifax had Reason to Believe Vivint's
Inquiries were Illegitimate and Impermissible*"**

38.     Vivint Solar denies the allegations in this paragraph.

39.     Vivint Solar denies the allegations in this paragraph.

40.     Vivint Solar admits only that a very small percentage of Vivint Solar Developer, LLC's customers have filed consumer complaints in the past, as is common with any nationwide consumer-facing business with hundreds of thousands of customers, that only a small percentage of those complaints involved issues with credit applications, and that Vivint Solar Developer, LLC takes customer complaints seriously and seeks to resolve and address every single complaint to the customers' complete satisfaction, and currently maintaining an "B+" rating with the Better Business Bureau.  Vivint Solar otherwise denies the allegations in this paragraph.

41.     Vivint Solar denies the allegations in this paragraph.

42.     Vivint Solar denies the allegations in this paragraph.

43.     Vivint Solar denies the allegations in this paragraph.

44.     The allegations of this paragraph contain legal conclusions as to which no response is required.

45.     Vivint Solar denies the allegations in this paragraph.

46.     Vivint Solar denies the allegations in this paragraph.

47.     Vivint Solar denies the allegations in this paragraph.

48.     Vivint Solar denies the allegations in this paragraph.

49.     Vivint Solar denies the allegations in this paragraph.

**AS TO "*Equifax Refuses to Investigate Disputes of Impermissible Pulls*"**

50.     Vivint Solar is without knowledge sufficient to form a belief as to the truth of allegations in this paragraph concerning Plaintiff's communications with Equifax, and, therefore, those allegations are denied.  Vivint Solar denies the remaining allegations in this paragraph.

51.     Vivint Solar is without knowledge sufficient to form a belief as to the truth of allegations in this paragraph, and, therefore, those allegations are denied.

52.     Vivint Solar is without knowledge sufficient to form a belief as to the truth of allegations in this paragraph, and, therefore, those allegations are denied.

53.     Vivint Solar admits only that the referenced "form letter," if it exists, would speak for itself as to its content, and Vivint Solar is without knowledge sufficient to form a belief as to the truth of allegations in this paragraph, and, therefore, those allegations are denied.

54.     Vivint Solar admits only that Plaintiff's "dispute" was communicated to Vivint Solar through the filing of this civil action, and otherwise is without knowledge sufficient to form a belief as to the truth of allegations in this paragraph, and, therefore, those allegations are denied.

55.     Upon information and belief, Vivint Solar denies the allegations in this paragraph.

**AS TO** *"Governing Law – Duties of Consumer Reporting Agencies"*

56.     Vivint Solar admits only that consumer reports furnished by Equifax and other CRAs speak for themselves as to their content, and otherwise denies the allegations in this paragraph.

57.     The allegations of this paragraph contain legal conclusions of Plaintiff's counsel without attribution to legal authority to which no response is required, and Vivint Solar otherwise denies the allegations in this paragraph.

58.     The allegations of this paragraph contain legal conclusions to which no response is required.

59.     The allegations of this paragraph contain legal conclusions to which no response is required.

60.     The allegations of this paragraph contain legal conclusions to which no response is required.

61.     Vivint Solar denies the allegations in this paragraph.

62.     Vivint Solar denies the allegations in this paragraph.

63.     Upon information and belief, Vivint Solar denies the allegations in this paragraph.

64.     Upon information and belief, Vivint Solar denies the allegations in this paragraph.

65.     Vivint Solar denies the allegations in this paragraph.

66.     Vivint Solar denies the allegations in this paragraph.

67.     Vivint Solar denies the allegations in this paragraph.

68.     Vivint Solar denies the allegations in this paragraph.

## AS TO "COUNT I
## FAIR CREDIT REPORTING ACT
### (Vivint Defendants)"

69.     Vivint Solar incorporates by reference its preceding responses as if fully stated

herein.

70.     Vivint Solar denies the allegations in this paragraph

WHEREFORE, Defendants Vivint Solar, Inc. and Vivint Solar Developer, LLC request

that judgment be entered in their favor and against Plaintiff, together with such other relief,

including costs and attorney's fees, as the Court deems just and proper.

## AS TO "COUNT II
## FAIR CREDIT REPORTING ACT
### (Equifax Information Services, LLC)"

71-72 Count II only purports to seek relief from Defendant Equifax Information

Services, LLC).  To the extent any allegations in Count II may be deemed to seek relief from

Vivint Solar, Vivint Solar denies the allegations.

### AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff lacks standing to bring or maintain the claims asserted in the Complaint

as she has not suffered any actual damages.

3.     Plaintiff's claims are barred because she provided express written consent for the

conduct about which she complains in her Complaint.

4.     Plaintiff's claims are barred because any alleged harm suffered by Plaintiff was

not caused in fact or proximately caused by any act, action, or omission of Vivint Solar or any of

its employees, agents, or ostensible agents.

2:20-cv-02103-CSB-EIL   # 10   Page 9 of 12

5.      Any and all damages allegedly sustained by Plaintiff are the direct result of her own actions or omissions or the acts or omissions of unrelated third parties over which Vivint Solar had no control, including but not limited to Plaintiff providing authorization to have a credit inquiry conducted.

6.      Plaintiff has failed to mitigate any damages she allegedly incurred.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and/or estoppel.

8.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or release.

9.      Vivint Solar has acted in good faith and not willfully, maliciously, recklessly, wantonly, and/or negligently.  To the extent any provision of any applicable statute was violated with respect to Plaintiff, such violation was unintentional, accidental, and as a result of a *bona fide* error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

10.     Plaintiff's claims are barred because Vivint Solar has acted with due care at all times and complied with all applicable laws, regulations, and standards and have otherwise acted reasonably.

11.     To the extent Plaintiff's claims are based upon oral agreements or representations, those claims are barred by operation of the parol evidence rule and/or statute of frauds.

12.     Vivint Solar asserts that venue is not proper in the Central District of Illinois because, *inter alia*, (i) not all Defendants reside in Illinois; (ii) no substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district; and (iii) Defendants are not subject to personal jurisdiction in this district with respect to this action.  *See* 28 U.S.C. §

1391(b).  Moreover, even were venue proper in this district, the convenience of witnesses and interests of justice require venue be transferred elsewhere.  *See* 28 U.S.C. § 1404(a).

13.     Vivint Solar has violated no duty or obligation owed to Plaintiff under common law, by statute, under any applicable contract, affidavit, or otherwise.

14.     Vivint Solar asserts it is entitled to a set-off against any damage awarded to Plaintiff for any and all payments made by any collateral source.

## RESERVATION

Vivint Solar reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of investigation, discovery, and/or preparation for trial, it becomes appropriate to assert such defenses.

**WHEREFORE**, having answered the Complaint and raised their defenses and affirmative defenses, Defendants, Vivint Solar, Inc. and Vivint Solar Developer, LLC, respectfully request that this Court enter judgment against Plaintiff and in favor of Defendants, dismiss this action with prejudice, award Defendants their reasonable attorney's fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

**THOMAS MAMER LLP**

/s/ *William J. Brinkmann*
William J. Brinkmann, Esq.
Illinois Bar. No.
**Kenneth D. Reifsteck**
Illinois Bar. No.
**Seth D. Baker**
Illinois Bar. No.
30 E Main St, Ste. 500,
PO Box 560,
Champaign, IL 61824-0560
(217) 351-1500
(217) 351-2017 (fax)
WJB@thomasmamer.com
KDR@thomasmamer.com

SDB@thomasmamer.com


**GREENSPOON MARDER LLP**

/s/ *Brian R. Cummings*
Brian R. Cummings, Esq.
Florida Bar No. 25854
(motion for general admission forthcoming)
Jacob L. Boehner, Esq.
Florida Bar No. 1002685
(motion for general admission forthcoming)
401 E. Jackson Street, Suite 3650
Tampa, FL 33602
(813) 769-7020
(813) 426-8580 (fax)
Brian.cummings@gmlaw.com
jacob.boehner@gmlaw.com
moneka.simpson@gmlaw.com

*Attorneys for Defendants Vivint Solar, Inc.*
*and Vivint Solar Developer, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument

has been furnished via the CM/ECF system upon the following counsel of record on May 26,

2020:

David J. Philipps, Esq.
Mary E. Philipps, Esq.
Angie K. Robertson, Esq.
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, IL 60465
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

Cary L. Flitter
Andrew M. Milz
Jody T. Lopez-Jacobs
Flitter Milz, P.C.
450 N. Narberth Ave.

11

Suite 101
Narberth, PA 19072
cflitter@consumerslaw.com
amilz@consumerslaw.com
jlopez-jacobs@consumerslaw.com

*Attorneys for Plaintiff Donna Scharf*

*/s/ William J. Brinkmann*
William J. Brinkmann

44148905